Vedder Price (CA), LLP
Germain D. Labat (State Bar No. 203907)
glabat@vedderprice.com
Allison W. Meredith (State Bar No. 281962)
ameredith@vedderprice.com
1925 Century Park East, Suite 1900
Los Angeles, California 90067
T: +1 (424) 204 7700
F: +1 (424) 204 7702

Attorneys for Plaintiff
FRICK PAPER CO. DBA PAPER MART

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FRICK PAPER CO. DBA PAPER MART,<br><br>Plaintiff,<br><br>v.<br><br>TULIP 3P MEDIA PVT LTD.,<br><br>Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF<br><br>[Corporate Disclosure Statement, Notice of Interested Parties, Civil Cover Sheet filed concurrently herewith]<br><br><u>JURY TRIAL DEMANDED</u> |

## COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF

Plaintiff Frick Paper Co. dba Paper Mart ("Paper Mart"), by and through its attorneys, Vedder Price (CA), LLP, for its Complaint against Defendant Tulip 3P Media Pvt Ltd. ("Tulip" or "Defendant") states as follows:

## INTRODUCTION

1. Paper Mart is the owner of the PAPER MART® trademark which Paper Mart uses to advertise and promote its fourth-generation family distributorship service in the packaging supply industry including a broad scope of paper industry services.

2. Built upon a fourth generation family tradition, Paper Mart is the largest discount packaging supply company in the United States. The lifeblood of Paper Mart's enterprise is its intellectual property, including its trademarks. Paper Mart now sues to protect against a defendant who seeks to threaten the very heart of Paper Mart's competitive advantage by using its intellectual property without authorization.

3. Defendant Tulip is unlawfully using Paper Mart's trademarks to promote its business. In an egregious example of the unlawful use of Paper Mart's intellectual property, Tulip is using the PAPER MART trademark in connection with a bi-monthly e-magazine for pulp, paper and converting industries which is promoted on the social networking website LinkedIn. Paper Mart files the instant suit seeking injunctive and other relief against Defendant due to its unlawful use of Paper Mart's trademarks. Defendant's actions violate the Lanham Act through trademark infringement, trademark dilution, false advertising and unfair competition. If Defendant is allowed to continue to make unauthorized use of the PAPER MART trademark, Paper Mart will suffer irreparable harm, for which monetary damages could not provide an adequate remedy.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -                                                                   COMPLAINT

## PARTIES

4. Plaintiff Frick Paper Co. dba Paper Mart, composed of Frick Investments, LLC is a California limited liability company with its principal place of business in Orange County, California. Plaintiff Frick Paper Co. dba Paper Mart, composed of Frick Investments, LLC is the owner of record of the intellectual property interests at issue in this matter as a result of its U.S. federal trademark registration with the U.S. Patent and Trademark Office.

5. Upon information and belief, Defendant Tulip 3P Media Pvt Ltd. is an India limited company with its principal place of business in New Delhi, India.

## JURISDICTION AND VENUE

6. This Court is vested with federal question jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1121 and 28 U.S.C. 1338 (a) and (b).

7. This Court is vested with supplemental jurisdiction over the related claims pursuant to 28 U.S.C. § 1367.

8. This action properly lies in the Central District of California pursuant to 28 U.S.C. § 1391(a) because this case arises out of events and harm occurring within the Central District of California.

## GENERAL ALLEGATIONS
### - Paper Mart's Intellectual Property-

9. Paper Mart owns U.S. Federal Trademark Registration No. 1,020,222 for the mark "PAPER MART®", for which Paper Mart filed an application to register in 1973 and the mark has been continuously used in commerce to identify Paper Mart services since 1964. Paper Mart also owns U.S. Federal Trademark Registration No. 2,704,421 for the mark "PAPER MART®," for which Paper Mart filed an application to register in 2002 and has been continuously used in commerce to identify Paper Mart services since 1964. Additionally, Paper Mart owns U.S. Federal Trademark Registration No. 3,698,151 for the mark "PAPER MART®," for which Paper Mart filed an application to register in 2009 and has been

continuously used in commerce to identify Paper Mart services since 1964. The PAPER MART® trademarks are collectively referred to herein as the "Paper Mart Marks".

10. The Paper Mart Marks have become incontestable pursuant to 15 U.S.C. § 1065.

11. Since 1964, Paper Mart has engaged in widespread marketing of its business by using the Paper Mart marks to promote its business. Paper Mart has spent significant amounts of money to promote and advertise its services.

12. The Paper Mart Marks identify the source of services of Paper Mart in the minds of consumers in the marketplace.

### - Tulip's Unauthorized Use of Paper Mart's Intellectual Property-

13. Defendant Tulip provides a bi-monthly e-magazine for the pulp, paper and converting industries.

14. Defendant Tulip operates the website papermart.in (the "Tulip Website").

15. The Tulip Website uses the Paper Mart Marks. A copy of the home page is attached hereto as Exhibit 1. The home page features the Paper Mart Marks. The home page is accessible in the United States. The Tulip Website appears designed to lead consumers to believe that Tulip is affiliated with, or an authorized representative of, Paper Mart—yet neither of these things are true. All use of Paper Mart's intellectual property by Tulip is without Paper Mart's consent.

16. Defendant operates the LinkedIn account found at https://www.linkedin.com/company/paper-mart (the "Tulip LinkedIn Account").

17. The Tulip LinkedIn Account uses the Paper Mart Marks. A copy of the home page is attached hereto as Exhibit 2. The home page features the Paper Mart Marks. The home page is accessible in the United States. The Tulip LinkedIn Account appears designed to lead consumers to believe that Tulip is affiliated with, or an authorized representative of, Paper Mart—yet neither of these things are true.

All use of Paper Mart's intellectual property by Tulip is without Paper Mart's consent.

18. Defendant's use of the Paper Mart Marks in relation to promotion of Defendant's products and/or services has caused confusion and is likely to continue to cause confusion in the marketplace. Tulip, through the Tulip Website and Tulip LinkedIn Account, advertises, promotes and sells products and services including its paper industry e-publication which is being promoted in conjunction with the same Paper Mart Marks used by Paper Mart to sell Paper Mart's own paper industry services.

19. Tulip failed to add any disclaimer to the Tulip Website and or the Tulip LinkedIn Account identifying Paper Mart as the owner of the Paper Mart Marks.

20. Both Tulip and Paper Mart simultaneously use the Internet to market their goods and services nationally including in Southern California. Paper Mart has offices in and offer services in Southern California.

21. On March 24, 2015, Paper Mart issued a cease and desist letter to Tulip, demanding that it cease the unauthorized use of Paper Mart's intellectual property. Defendant Tulip refused to comply, stating its belief that Paper Mart's allegations were "false and frivolous." Tulip continues to willfully use and infringe upon Paper Mart's intellectual property despite Paper Mart's objections.

## COUNT I

**(Trademark Infringement Pursuant to §32 of The Lanham Act (15 U.S.C. §1114) against Tulip)**

22. Plaintiff restates and realleges Paragraphs 1-21 above as though fully set forth herein.

23. Paper Mart is the sole and exclusive owner of the Paper Mart Marks which are valid, protectable trademarks, registered as U.S. Federal Trademark Registration No. 1,020,222, 2,704,421 and No. 3,698,151.

24. Through Paper Mart's extensive marketing and promotional efforts as detailed above, the Paper Mart services associated with the Paper Mart Marks have become well recognized by the public.

25. The Paper Mart Marks distinguish Paper Mart and the goodwill associated with it from Paper Mart's competitors.

26. Defendant Tulip is using the Paper Mart Marks in commerce in connection with sale, offering for sale, and advertising of Defendant's goods or services, which use constitutes federal trademark infringement pursuant to the Lanham Act.

27. Defendant's use and continued of the Paper Mart Marks is wrongful, intentional and deliberate and in knowing disregard of Paper Mart's exclusive ownership rights. Despite Defendant's direct, actual knowledge of the Paper Mart Marks and Paper Mart's lack of consent for Defendant's use of the Paper Mart Marks, Defendant continues to use the Paper Mart Marks.

28. Defendant's wrongful acts will continue unless enjoined by this Court and will cause irreparable harm, damage and injury Paper Mart, which is without a full and adequate remedy at law.

29. Because Defendant has infringed the Paper Mart Marks, Paper Mart is entitled to Defendant's profits, Paper Mart's damages, costs of suit and attorneys' fees. Based on the circumstances of the case, including the willful nature of Defendant's conduct, Paper Mart is further entitled to recover treble damages pursuant to 15 U.S.C. § 1117.

## COUNT II

### (Unfair Competition Pursuant to §43 of The Lanham Act (15 U.S.C. §1125(a) against Tulip)

30. Plaintiff restates and realleges Paragraphs 1-21, and 22-29 above as though fully set forth herein.

31. The Paper Mart Marks as used by Paper Mart in connection with its services are inherently distinctive and/or have acquired secondary meaning.

32. Defendant is using the Paper Mart Marks in interstate commerce, including on the Tulip Website and Tulip LinkedIn Account to promote the sale of its goods and/or services which use constitutes federal unfair competition pursuant to the Lanham Act.

33. Defendant's use of the Paper Mart Marks in interstate commerce in connection with the sale and promotion of Defendant's goods and/or services, is likely to cause confusion and to cause mistake, and to deceive by wrongly suggesting some affiliation, connection or association between Defendant's sales of similar goods and/or services compared to the services offered by Paper Mart under the Paper Mart Marks.  Such use by Defendant is also likely to create confusion, or to cause mistake, or to deceive as to the affiliation as to the origin, sponsorship or approval of Defendant's sale of the products and/or services by Paper Mart, in violation of 15 U.S.C. §1125(a).

34. Defendant's use and continued of the Paper Mart Marks is wrongful, intentional and deliberate and in knowing disregard of Paper Mart's exclusive ownership rights.  Despite Defendant's direct, actual knowledge of the Paper Mart Marks and Paper Mart's lack of consent for Defendant's use of the Paper Mart Marks, Defendant continues to use the Paper Mart Marks

35. Defendant's wrongful acts will continue unless enjoined by this Court and will cause irreparable harm, damage and injury to Paper Mart, which is without a full and adequate remedy at law.

36. Because Defendant has violated 15 U.S.C. §1125(a), Paper Mart is entitled to Defendant's profits, Paper Mart's damages, costs of suit and attorneys' fees. Based on the circumstances of the case, including the willful nature of Defendant's conduct, Paper Mart is further entitled to recover treble damages pursuant to 15 U.S.C. § 1117.

# COUNT III

## (Unfair Competition Under Cal. Bus. & Prof. Code § 17200 *et seq.* against Tulip)

37. Paper Mart realleges and incorporates herein the allegations contained in paragraphs 1-21, 22-29 and 30-36 of this Complaint.

38. Defendant is engaged in the unlawful and unfair business practice of using Paper Mart's Marks to promote Defendant's products without Paper Mart's authorization or consent. This practice is unlawful and violative of several underlying statutory provisions, including Sections 1114, 1125 (a) and 1125(c) of the Lanham Act.

39. Defendant is also engaged in a fraudulent business practice, namely, representing itself to the public as being in some way associated with Paper Mart, through the use of the Paper Mart Marks. This behavior is likely to deceive the public into buying Defendant's goods and/or services, by misrepresenting to the public that the unauthorized activities of Defendant are licensed, franchised, sponsored, authorized or otherwise approved by Paper Mart.

40. Such unauthorized use of the Paper Mart Marks constitutes unfair competition in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

41. Defendant knew or reasonably should have known that Defendant's actions described above were deceptive, untrue or misleading.

42. As an actual and proximate result of Defendant's actions described above, Paper Mart has suffered damages in an amount to be determined at trial, and unless Defendant is enjoined, Paper Mart will continue to sustain severe, immediate and irreparable harm, damage and injury, which entitles Paper Mart to injunctive relief, restitution, and disgorgement and such other relief permitted under Cal. Bus. & Prof. Code § 17200 et seq.

## COUNT IV
### (Trademark Infringement under Cal. Bus. & Prof. Code § 14200 *et seq.* against Tulip)

43. Plaintiff restates and realleges Paragraphs 1-21, 22-29, 30-36 and 37-42 above as though fully set forth herein.

44. The Paper Mart Marks are valid marks entitled to protection under Cal. Bus. & Prof. Code § 14200 *et seq.*

45. Paper Mart applied to register the Paper Mart Marks in 1973, 2002 and 2009 and Paper Mart has used the Paper Mart Marks continually since 1964.

46. Defendant is using the Paper Mart Marks in connection with the sale, distribution, offering for sale, or advertising of goods and services without Paper Mart's consent.

47. Defendant's unauthorized use is likely to cause confusion in the minds of the public or mistake, or to deceive the public that Defendant's business is in some way affiliated with, Paper Mart's business.

48. On information and belief, Defendant's actions described above were undertaken with knowledge that such actions were intended to cause confusion, mistake or deception, entitling Paper Mart to recover profits and damages pursuant to Cal. Bus. & Prof. Code §14200 *et seq.*

49. Unless Defendant is enjoined, Paper Mart will continue to suffer irreparable harm and damage to its business, reputation and goodwill. There is no adequate remedy at law for the injury caused by Defendant's continuing infringement and Paper Mart is therefore entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 14250.

## COUNT V
### (Common-Law Trademark Infringement against Tulip)

50. Plaintiff restates and realleges Paragraphs 1-21, 22-29, 30-36, 37-42, and 43-49 above as though fully set forth herein.

51. The Paper Mart Marks are valid marks entitled to protection.

52. Paper Mart applied to register the Paper Mart Marks in 1973, 2002 and 2009 and has used the Paper Mart Marks continually since 1964.

53. Defendant is using the Paper Mart Marks in connection with the sale, distribution, offering for sale, or advertising of goods and/or services without Paper Mart's consent.

54. Defendant's unauthorized use of the Paper Mart Marks is likely to cause confusion in the minds of the public or mistake, or to deceive the public that Defendant's business is in some way affiliated with, Paper Mart's business.

55. On information and belief, Defendant's actions described above were undertaken with knowledge that such actions were intended to cause confusion, mistake or deception.

56. The actions of Defendant, if not enjoined, will continue. Paper Mart has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Paper Mart Marks, and injury to Paper Mart's business.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment on all causes of action against Defendants as follows:

1. For a permanent injunction enjoining Defendants from unauthorized use of Plaintiff's intellectual property, including the Paper Mart Marks;

2. For Defendants' profits, Paper Mart's damages, treble damages, costs and attorneys' fees in amount pursuant to 15 U.S.C. §1117;

3. Restitution, disgorgement and/or damages as are permitted by law and under California Business and Professions Code §§17200 & 17500 *et seq.*

4. Compensatory, consequential, incidental, nominal and/or special damages in amount according to proof;

5. Pre-judgment and post-judgment interest;

6. For costs of suit incurred herein;

7. For attorneys' fees incurred herein; and

8. For such other and further relief as the court may deem proper.

## JURY DEMAND

Wherefore Paper Mart demands a trial by jury on all claims for damages.

Dated: July 13, 2016                    VEDDER PRICE (CA), LLP


By: /s/ Germain D. Labat
    Germain D. Labat
    Allison W. Meredith

Attorneys for Plaintiff FRICK PAPER CO. DBA PAPER MART